IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| IN RE: ) | |
| ) | CASE NO. 10-38713 |
| Marcelino Astudillo and ) | Judge Schmetterer |
| Irma Astudillo ) | CHAPTER 13 |
| ) | |
| Marcelino Astudillo and ) | |
| Irma Astudillo ) | |
| Plaintiff, ) | |
| v. ) | ADV. NO.10 AP 01915 |
| U.S Bank aka Wilmington ) | |
| Finance, Inc. ) | |
| Defendant. ) | |

### FINDINGS OF FACT AND CONCLUSIONS OF LAW

Following Default, the following findings of fact and conclusions of law are to be entered:

### FINDINGS OF FACT

1. The Plaintiff filed a petition under Chapter 13 of the U.S. Bankruptcy Code on August 30th, 2010.

2. The Plaintiffs' are owners of a house, their principal place of residence, located at 4514 S. Keating Ave., Chicago, IL 60632.

3. Litton Loan Servicing holds a first mortgage lien on the real property commonly known as 4514 S. Keating Ave., Chicago, IL 60632, in the approximate amount of $206,349.00

4. The Defendant holds a second mortgage lien on the real property known 4514 S. Keating Ave., Chicago, IL 60632, in the approximate amount of $51,884.62.

5. That Plaintiff obtained an appraisal of the property indicating the value of $155,000. Said appraisal was performed on 4514 S. Keating Ave., Chicago, IL 60632 on 8/18/2010 by Thomas Conway Appraisal Service Group.

6. The current Chapter 13 Plan provides the Plaintiff will make monthly payments to the Chapter 13 Trustee in the amount of $850.00

7. Under the Plan, general unsecured creditors will be paid a dividend of 49% of their allowed claim.

8. On October 4, 2010, a copy of the summons and complaint was served upon Defendant in accordance with Rule 7004(b)(3) of the Federal Rules of Bankruptcy Procedure by regular U.S. mail to: George D. Roach, President, U.S Bank/Wilmington Finance, Inc., 601 NW Second St. Evanbille, IN 47708, IL Corporation Service C, 801 Adlai Stevenson, Dr., Springfield, IL 62708, Legal Agent, and U. S. Bank FINCO BK, 205 W 4th Street 500 CN-Oh-X5FI, Cincinnati, OH 45202 (Per Proof of Claim- address for notice of service)

9. The Defendant has neither filed an appearance in this matter nor has the Defendant filed an answer to the complaint.

10. On October 1, 2010, Defendant filed a secured proof of claim for the lien on Plaintiff's property.

11. That the secured claim of $206,349.00 exceeds the value of the subject property, leaving nothing for Defendant's claim to attach to.

## CONCLUSIONS OF LAW

### A. Jurisdiction

1. The contested matter is a core proceeding pursuant to 28 U.S.C § 157 (b) (2)(k).

2. This Honorable Court has jurisdiction pursuant to § 157 and § 1334 of Title 28, United States Code.

3. This is a core proceeding within the meaning of § 157(B)(1) and (2) of Title 28, United States Code.

4. Venue is proper pursuant to §1409 of Title 28, United States Code.

### B. Argument

5. This instant case was initiated under 11 U.S.C § 506(a) and F. R. Bankr. P. 3012.

6. The Plaintiff scheduled the first Litton Loan Servicing secured claim in the amount of $206,349.00 and the second U.S. Bank aka Wilmington Finance, Inc. claim in the amount of $51,884.62.

7. That value of Plaintiff's residence is $155,000.00

8. As there is no value or equity to support the second priority lien of U.S. Bank aka Wilmington Finance, Inc., the U.S. Bank aka Wilmington Finance, Inc. claim is not a claim secured at all by a security interest in the Debtor's residence, as the term is used in § 1322(b) Bankruptcy Code. The Debtors Chapter 13 plan may value the collateral under FR. Bankr.P.3012, and determine the respective rights of secured creditors through the language therein, contingent on confirmation thereof, completion of the Plan by the Debtor, and entry of discharge. *In re Meyer*, 2009 B 20268, Docket Entry 69 (Bankr. N.F.Ill. January 29, 2010)

Enter: _____  _11/9/10_
United States Bankruptcy Judge    Date

NOV 09 2010

Daniel Gonzalez 6285539
One of the Attorneys for Debtor
Gonzalez Law Group, P.C.
1904 S. Cicero Ave., Suite #1
Cicero Illinois 60804
312-962-0416